Filed 10/20/20  P. v. Kuykendall CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>CARTER KUYKENDALL,<br><br>  Defendant and Appellant. | 2d Crim. No. B297725<br>(Super. Ct. No.VA038748)<br>(Los Angeles County) |

Carter Kuykendall appeals an order denying his Penal Code[1] section 1170.95 petition for resentencing of his prior first degree murder conviction (§§ 187, subd. (a), 189), with a robbery murder special circumstances finding (§ 190.2, subd. (a)(17)(A)). We conclude, among other things, that the trial court did not err because in his section 1170.95 petition Kuykendall did not make the required prima facie showing for relief, and the record shows he was the actual killer.  We affirm.

---

[1] All statutory references are to the Penal Code.

## FACTS

Concio Rodriguez Rendon was working as a clerk at an ARCO market in Norwalk, California after midnight on August 7, 1996. (*People v. Kuykendall* (Mar. 31, 2020, B131530) [nonpub. opn.].)

Kuykendall walked in and told Rendon, "Open the register and give me all the money . . . . How much money ya got on you?" (*People v. Kuykendall*, *supra*, B131530.) Rendon relied, "I ain't got no money on me." (*Ibid.*)

Kuykendall fired one shot into Rendon's head. He called Rendon "[s]tupid" and fired a second gunshot hitting Rendon in the head and killing him. (*People v. Kuykendall*, *supra*, B131530.) There was a security camera and a videotape of this incident. Local television stations broadcasted photographs of the killer. Informants told the sheriff's department that Kuykendall was the man shown on those photographs. The bullets that killed Rendon were .380 caliber bullets.

At 1:00 a.m. on the same morning at a different location, there was a drive-by shooting. A sheriff's deputy heard the shots and followed a fast-moving vehicle until it crashed into a fence. Kuykendall got out of that vehicle and fled. He was subsequently apprehended. A .380 Colt semiautomatic firearm was found in the crashed vehicle. That was the gun used to kill Rendon. Kuykendall had gunshot residue on his hands. After his arrest, Kuykendall admitted that he was at the ARCO market on the morning when Rendon was killed.

At trial, Kuykendall's mother testified that her son was the man in the ARCO market videotape and she identified Kuykendall's voice "in the ARCO audiotape." (*People v. Kuykendall*, *supra*, B131530.)

The jury convicted Kuykendall of first degree murder with a robbery-murder special circumstance finding, second degree robbery, assault with a firearm, and possession of a firearm by a felon. The jury found Kuykendall personally used a firearm during the offenses.

Kuykendall was sentenced to a prison term of life without the possibility of parole plus 35 years. On March 31, 2000, we affirmed his conviction. (*People v. Kuykendall*, *supra*, B131530.)

On January 24, 2019, Kuykendall filed a petition for resentencing under section 1170.95. On that petition Kuykendall made no claim that he was not the actual killer of Rendon. He checked several boxes on the form section 1170.95 petition. He did not check the box next to the words, "I was not the actual killer."

The trial court "summarily denied" the petition. It found, "[T]he petitioner was convicted of murder but the court file reflects that the petitioner was the actual killer and was not convicted under a theory of felony-murder of any degree, or a theory of natural and probable consequences." (Capitalization omitted.) The court did not appoint counsel or issue an order to show cause.

DISCUSSION[2]

*The Section 1170.95 Petition*

Kuykendall contends the trial court erred by summarily denying his petition because he made a prima facie showing for relief under section 1170.95. He claims the court was required to issue an order to show cause for a hearing and appoint counsel for him. We disagree.

_____

[2] Respondent's request for judicial notice filed June 11, 2020, is granted.

3

In 2018, the Legislature passed Senate Bill No. 1437. It authorized a procedure for those convicted of first or second degree murder to petition for resentencing. (§ 1170.95.) It changed the standard for first degree or second degree murder convictions (§§ 188, 189) based on the felony murder rule or the natural and probable consequences doctrine. "These changes, which the Legislature adopted in 2018 in Senate Bill No.1437 and which went into effect on January 1, 2019, ensure that murder liability is not imposed on a person *who is not the actual killer*, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1147, italics added.)

Section 1170.95, subdivision (a)(1), (2), and (3) provides, in relevant part, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1170.95, subdivision (c) provides: "The court shall review the petition and determine *if the petitioner has made a prima facie showing that the petitioner falls within the provisions*

4

*of this section.* If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (Italics added.)

The first step in the section 1170.95 procedure requires the petitioner to make a prima facie showing that he or she is eligible for relief. It is only after a prima facie showing is made that the trial court proceeds to the second stage and issues an order to show cause for a hearing.

Courts have held that where the petition is frivolous or the petitioner is categorically ineligible for section 1170.95 relief, the trial court may summarily dismiss the petition without appointing counsel. (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 887; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, No. S260493; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, No. S260410.)

Kuykendall did not make a prima facie showing for relief on his section 1170.95 petition. He did not present facts showing that he was not the actual killer. He did not check the box on the section 1170.95 form that provides, "I was not the actual killer." Moreover, the record of conviction confirms that he was the actual killer; consequently, "the changes to sections 188 and 189 [as a result of Senate Bill. No. 1437] are inapplicable" and "he is indisputably ineligible for relief." (*People v. Cornelius*, *supra*, 44 Cal.App.5th at p. 58.)

Kuykendall notes that at a hearing on a different resentencing issue in October 2019, his counsel asked the court for permission to amend his section 1170.95 petition. The court denied the request. The trial judge stated, among other things, "I'm not going to allow any amendment *at this juncture.* The *appellate attorney* can take that up if he wishes to." (Italics added.) Kuykendall claims the trial court erred by not allowing an amendment. We disagree.

There were several reasons why the trial court could properly reject a request by counsel to amend the petition at that time. The order denying Kuykendall's section 1170.95 petition had been appealed to this court by the time counsel made this request. The request to amend was made in October 2019, many months after the February 19, 2019, denial of the petition. Kuykendall did not actually file an amended section 1170.95 petition with a showing of why he had not made the request to amend earlier. Moreover, counsel did not make an offer of proof as to what facts or evidence Kuykendall could submit to show he was not the actual killer.

As the trial court said, "I have never encountered a case where evidence of guilt, just guilt, is so overwhelming and incontrovertible. Kuykendall is captured both on video and on audio. There is something particularly chilling about hearing his voice as he murders the victim in this case."

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.          PERREN, J.

6

Michael A. Cowell, Judge

Superior Court County of Los Angeles

—————————————————

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.